IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER EDOMWANDE, | § | |
| *as Next Friend of C.A., a minor*, | § | |
| | § | |
| Plaintiff, | § | No. 3:10-CV-1806-M (BH) |
| | § | |
| v. | § | |
| ALLSTATE INSURANCE COMPANY, | § | Referred for Pretrial Management |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendants' Motion to Dismiss Plaintiff's Original Petition (Amended)* ("MTD"), filed October 21, 2010 (doc. 8). Based on the relevant filings and applicable law, the motion should be **GRANTED**, in part, and **DENIED**, in part.

## I. BACKGROUND

On August 6, 2010, Christopher Edomwande filed an original petition and affidavit in state court in an action that he styled as "[C.E.] (minor) through CHRISTOPHER EDOMWANDE (Father) v. Allstate Insurance Company." (Doc. 1, attachment 3). He contends that his daughter, C.E., through her parents, entered into a contract for insurance, that the defendant breached the contract and acted deceptively and in bad faith, and that C.E. through her father has standing to sue because her father entered into the contract. (*Id.*) On September 13, 2010, Allstate removed this case to the United States District Court for the Northern District of Texas, Dallas Division based on diversity jurisdiction. (Doc. 1).

On September 16, 2010 this court issued an order stating, in part, the following,

> To proceed with this action on behalf of his minor daughter, Mr. Edomwande must retain legal counsel to protect her interests. To the extent that his allegation that he entered into the contract for insurance with the defendant seeks or is intended to assert his own claims against the defendant, he is granted leave to file an amended complaint that only asserts his personal claims. If counsel has not entered an appearance on behalf of the minor child, or if Mr. Edomwande does not file an amended complaint asserting only his claims within **TWENTY (20)** days from the date of this order, the Court will recommend that the case be dismissed.

(Order, Doc. 4). Mr. Edomwande filed an amended complaint on September 30, 2010, again asserting claims on behalf of his daughter as well as claims on his own behalf for breach of contract, violations of the Deceptive Trade Practices Act (DTPA), and breach of the duty of good faith and fair dealing. (Am. Compl., Doc. 7). On October 21, 2010, Defendant moved to dismiss all of C.E.'s claims. (Mot., Doc. 8). Defendant also moved to dismiss all of Mr. Edomwande's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and his DTPA claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to satisfy Fed. R. Civ. P. 9(b). (Mot Br., Doc. 8.) The motion is now ripe for determination.

## II. MOTION TO DISMISS CLAIMS OF MINOR CHILD

Defendant first moves to dismiss all of C.E.'s claims because she is a minor and cannot bring a cause of action on her own behalf, and because her father is not a licensed attorney and therefore cannot represent her in a suit in federal court. (Mot. Br. at 2-4).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. Although Fed. R. Civ. P. 17(c) permits a parent or guardian to sue on behalf of an infant or incompetent person in certain circumstances, a guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child. *See Martin v. Revere Smelting & Refining Corp.*, No. 3:03-CV-2589-D, 2004 WL

2

852354, at *2 (N.D. Tex. Apr. 16, 2004) (recommendation of Mag. J. discussing cases), *adopted in part by* 2004 WL 1161373 (N.D. Tex. May 24, 2004); *see also Francine v. Dallas Indep. Sch. Dist.*, No. 3:02-CV-1853-P, 2003 WL 21501838, *3 (N.D. Tex. June 25, 2003) (discussing cases). The Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law". *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By order issued September 13, 2010, Mr. Edomwande was cautioned that he was required to retain legal counsel in order to proceed with this action on behalf of his minor daughter, C.E., or this court would recommend dismissing this case. (Order, Doc. 4). Nevertheless, he filed an amended complaint again attempting to pursue C.E.'s claims without the assistance of legal counsel. No attorney has since entered an appearance on her behalf. Accordingly, all claims asserted on behalf of C.E. should be dismissed without prejudice.

### III. 12(b)(1) MOTION TO DISMISS

Defendant moves to dismiss all of Mr. Edomwande's claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).[1]

**A. Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts

---

[1] Defendant also moves to dismiss Mr. Edomwande's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to satisfy Fed. R. Civ. P. 9(b). (Mot. Br. at 5-7). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

3

of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*.

Here, because Defendant's Rule 12(b)(1) motion to dismiss relies on the amended complaint, it presents a facial attack that does not require the Court to resolve matters outside the pleadings. *See Lester v. Lester*, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009); *Bridgewater v. Double Diamond-Delaware, Inc.*, 3:09-CV-1758-B, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010).

**B. Standing - All Claims**

Defendant first asserts that Mr. Edomwande lacks standing to assert any of the claims alleged in the complaint because he does not allege an "injury in fact", citing *Lujan v. Defenders of Wildlife*,

4

504 U.S. 555, 560 (1992) (plurality opinion) (an "injury in fact" is defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"). (Mot. Br. at 4.) Specifically, Defendant contends that the complaint only alleges that C.E. was injured by the alleged acts of Defendant. (*Id.* at 5.) Because Mr. Edomwande has not alleged that he suffered any injury or damages as a result of its alleged acts, it claims, he lacks standing to maintain any claims against Defendant.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). The Supreme Court "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819.

To meet the standing requirement, plaintiffs "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* at 818 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As stated in *Lyons*, to satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." 461 U.S. at 101-02 (citations and internal quotation marks omitted) (addressing standing to sue). "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between

[the plaintiff] and the defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983).

In the amended complaint, Mr. Edomwande expressly asserts that he "has standing to sue for breach of contract because he entered into a contract with the Defendant" and that he "performed his contractual obligation by promptly paying her premium" for one full year in advance, and thereafter breached the contract with resulting damages to his daughter. (Am. Compl. at 3.) Because he alleges that he contracted and paid the contract premium, his pleading can be liberally construed as also alleging that he was damaged.[2] Therefore, he has alleged an injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief sufficient to demonstrate standing. *See Raines*, 521 U.S. at 818. His allegations, which are presumed to be true for purposes of this Rule 12(b)(1) motion, sufficiently state a basis for subject matter jurisdiction. *See Paterson*, 644 F. 2d at 523. Accordingly, Defendant's Rule 12(b)(1) motion to dismiss all of Mr. Edomwande's claims for lack of subject matter jurisdiction should be denied.

**C. Standing - DTPA claims**

Defendant also argues that Mr. Edomwande lacks standing to bring a cause of action under the DTPA because he has not alleged that he is a consumer, citing *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 857 (Tex. App.—Fort Worth 2005, no pet.); Tex. Bus. & Com. Code Ann. § 17.50(a) (West Supp. 2005). (Mot br. at 5.)

The DTPA defines "consumer" as "an individual ... who seeks or acquires by purchase or lease, any goods or services...." Tex. Bus. & Com. Code Ann. § 17.45(4) (West Supp. 2007); *see Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 195 (S.D. Tex. 2007) ("To maintain a private cause of action under the DTPA, the plaintiff must be a consumer."). Here, Mr.

---

[2]Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Edomwande only expressly alleges that his daughter was a consumer. (Am. Compl. at 3.) He alleges, however, that he entered into an insurance contract with Defendant and paid the contract premium. Because he meets the definition of a consumer by virtue of his alleged purchase of the insurance policy, his pleading can be liberally construed as also alleging that he was a consumer.[3] Defendant's Rule 12(b)(1) motion to dismiss Mr. Edomwande's DTPA claim should also be denied.

## IV. RULE 12(b)(6) MOTION

Defendant next moves to dismiss Plaintiff's DTPA claims under Fed. R. Civ. P. 12(b)(6) for failure to provide sufficient factual allegations regarding the alleged false, misleading, or deceptive acts. (Mot. Br. at 6-7.)

**A. Legal Standard**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[4] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclu-

---

[3]*See*, *e.g.*, *Haines v. Kerner*, 404 U.S. at 520-21; *Miller*, 636 F.2d at 988.

[4]In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

sions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B. DTPA Claims**

Defendants contend that Mr. Edomwande has failed to state enough facts to support his allegation that Defendant committed false, misleading, or deceptive acts. (Mot. Br. at 6-7.)

The elements of a cause of action under the Texas Deceptive Trade Practices Act ("DTPA") are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages". *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)).

Here, Mr. Edomwande generally alleges that "Defendant's [sic] employed false, fraudulent

8

and [m]isleading or deceptive acts or practices in connection with Ms. Edomwande's purchase". (Am. Compl. at 4.) He also alleges that "Plaintiffs were misled regarding the coverage of the policy"; that Defendant violated the DTPA because it "failed to honor the terms of the policy by intentionally cancelling the policy sold to plaintiff in other (sic) to intentionally exploit plaintiff for financial gain"; and that "Defendant committed a wrongful act by misleading and deceiving the Plaintiff, Christine Edomwande regarding the insurance policy coverage as promised and anticipated by the Plaintiff at the time of payment for said services". Because Mr. Edomwande's pleadings regarding Defendant's alleged false, misleading or deceptive acts fail to rise above mere conclusions, he has failed to plead enough facts to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 555. Because Mr. Edomwande has not nudged his claims across the line from conceivable to plausible, he has failed to state a claim under the DTPA and these claims should be dismissed with prejudice. *See Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

## V. RULE 9(b) MOTION

Defendant alternatively moves the Court to dismiss Mr. Edomwande's DTPA claims for failure to plead with particularity as required under Fed. R. Civ. P. 9(b). (Mot. Br. at 6-7.) "[A] Rule 9(b) motion to dismiss for failure to plead with particularity is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted." *Action Tapes, Inc. v. Atmel Corp., Inc.*, No. 3:04-CV-1376-P, 2005 WL 170712, at *1 (N.D. Tex. Jan. 25, 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996)). In light of the recommendation that Defendant's motion to dismiss Mr. Edomwande's DTPA claims under Rule 12(b)(6) be granted, the alternative motion to dismiss Mr. Edomwande's DTPA claims under Rule 9(b) should be denied as moot. *See Nagy v. George*, No. 3:07-CV-368-K, 2007 WL 2122175, at *11

9

(N.D. Tex. July 23, 2007).[5]

## VI. CONCLUSION

*Defendants' Motion to Dismiss Plaintiff's Original Petition (Amended)*, filed October 21, 2010, (doc. 8.) should be **GRANTED** in part and **DENIED** in part. Defendant's motion to dismiss all of C.E.'s claims should be **GRANTED,** and C.E.'s claims should be dismissed without prejudice. Defendant's Rule 12(b)(6) motion to dismiss Mr. Edomwande's DTPA claims should be **GRANTED**. In all other respects, Defendant's motion to dismiss should be **DENIED**. Unless Mr. Edomwande moves for leave to file an amended complaint that provides a more definite statement regarding his DTPA claims within the fourteen days allotted for objections to this recommendation or a deadline otherwise set by the Court, Mr. Edomwande's DTPA claims should be dismissed with prejudice.

**SO RECOMMENDED on this 20th day of January, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5]Defendant also addresses what appears to be a request in the response that this suit be converted into a class action. However, Mr. Edomwande has not sought leave to amend his complaint to assert a class action. To the extent he seeks to bring a class action, he must comply with Rule 23 of the Federal Rules of Civil Procedure.

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                  */s/ Irma Carrillo Ramirez*
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE